UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
UNITED STATES,                                : CASE NO. 1:05-cr-00126-JG
                                              :
            Plaintiff,                     :
                                              :
vs.                                           : OPINION & ORDER
                                              : [Resolving Doc. No. 314, 331]
FRANK AARON ADAMS,                            :
                                              :
            Defendant.                     :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       This case is before the Court on the Petitioner's motion to vacate his sentence and the government's motion to strike his objections to the magistrate's report and recommendation. [Docs. 314, 331]. For the reasons stated below, the Court **DENIES** both motions.

### I. Background

       On November 14, 2005, the Petitioner Frank Aaron Adams, pursuant to plea agreement, pled guilty in this Court to conspiring to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(a), and conducting financial transactions from the proceeds of that illegal activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 2. [Doc. 233]. The United States agreed to move for the dismissal of the other pending charges. [Doc. 241]. The plea agreement also set out a joint recommendation of a 27-year sentence to the Court, and bound the Court to impose this sentence, pursuant to Criminal Rule 11(c)(1)(C). [Doc. 241 at 4-5]. As a term of the plea agreement, Petitioner waived his appellate rights, including the right to file a petition under 28 U.S.C. § 2255, except for: a challenge to a sentence in excess of the maximum sentence; a challenge

Case No. 1:05-cr-00126-1
Gwin, J.

to a sentence in excess of the applicable Sentencing Guideline range; and claims of ineffective assistance of counsel or prosecutorial misconduct. [Doc. 241 at 10]. The Petitioner also agreed to forfeit his interest in several pieces of property, including some jointly owned with his wife. [Doc. 241 at 13-15]. His wife also executed a document, agreeing to forfeit interest in these assets.

The plea agreement stated that his offer to plead guilty was freely and voluntarily made and that no threats, promises, or representations had been made, nor agreements reached, other than those set forth in the plea agreement to induce him to plead guilty. [Doc. 241 at 16].

At the plea hearing, the Petitioner indicated he was unhappy with the representation afforded to him by counsel. [Doc. 312 at 7-12]. The Petitioner indicated that he was unhappy with counsel for two reasons: his counsel had failed to approach prosecutors earlier so as to better qualify him for a potential reduction of his criminal sentence for substantial assistance. He also says that his trial counsel had not adequately prepared for trial. The Court asked the Petitioner if he would still like to plead guilty, to which the Petitioner responded he would. [Doc. 312 at 11]. The Court asked whether the Petitioner wanted other counsel appointed to advise him on the plea, to which the Petitioner responded "No, we can just finish this up, Your Honor." [Doc. 312 at 12].

Petitioner Adams pled guilty after the ground had shifted, to his detriment, when nearly all his co-conspirators pled guilty and agreed to testify against him. With their agreements to testify against him, much of Adams' defense had fallen away. As the last defendant standing, the value of any cooperation that Adams could offer had greatly diminished. At the plea hearing, Adams suggested that his trial counsel had neglected efforts to approach prosecutors under an ill-advised assumption that co-defendants would not plead guilty and offer testimony against Adams.

On February 15, 2006, the Court held a sentencing hearing and sentenced Petitioner to the

Case No. 1:05-cr-00126-1
Gwin, J.

agreed upon 324 months or 27 years of imprisonment. [Doc. 283, 285].  Attorney Price remained the Petitioner's attorney, but the Petitioner did not raise Attorney Price's purported ineffectiveness at any time during the sentencing hearing.  The Court, after some discussion from defense counsel that he felt the agreed-upon sentence of 27 years was too high, allowed a brief recess where he could confer with his client regarding withdrawing a plea.  The plea agreement, pursuant to Rule 11(c)(1)(C), left the Court no discretion to sentence the Petitioner to any other term. [Doc. 241 at 4-5].[1/]  After the recess, Attorney Price represented to the Court that after speaking with Adams, the defendant would not move to withdraw his plea and proceed with the current plea agreement. [Doc. 298, at 17].  The Court sentenced the Petitioner to 27 years, consistent with the plea agreement. [Doc. 298].  The Petitioner did not file a direct appeal.

On March 2, 2007, the Petitioner Frank Aaron Adams filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. [Doc. 314].  The Petitioner raises four grounds for relief:

> I. THE PLEA COLLOQUY WAS DEFICIENT UNDER RULE 11 FOR THE COURT'S FAILURE TO DETERMINE THAT THE PLEA WAS NOT COERCED.
>
> II. MOVANT'S GUILTY PLEA WAS COERCED BY GOVERNMENT THREATS TO PROSECUTE MOVANT'S WIFE AND FORFEIT HER PROPERTY.
>
> III. INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO PREPARE FOR TRIAL, FAILURE TO INVESTIGATE, FAILURE TO FILE NECESSARY MOTIONS, FAILURE TO INTERVIEW WITNESSES.
>
> IV. TRIAL COUNSEL'S CONFLICT OF INTEREST.

[Doc. 314].

On March 12, 2007, the Court referred the motion to Magistrate Judge George J. Limbert

---

[1/] The plea agreement states: "the Defendant understands that, if the Court accepts this plea agreement, the Court has agreed to be bound by the parties recommendation that a particular sentence, 27 years, is appropriate in this case." [Doc. 241 at 4].

Case No. 1:05-cr-00126-1
Gwin, J.

for a report and recommendation. [Doc. 317]. On December 26, 2007, Magistrate Limbert issued a report and recommendation suggesting this Court deny the motion. [Doc. 329]. The Petitioner Frank Aaron filed an objection on January 14, 2008. [Doc. 330]. The United States moves to strike the objection as untimely. [Doc. 331].

## II. Legal Standard

*A. Section 2255 Petitions*

Four grounds exist upon which federal prisoners may challenge their conviction or sentence pursuant to 28 U.S.C. § 2255:

> 1. That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2. That the court was without jurisdiction to impose such sentence;
> 3. That the sentence was in excess of the maximum authorized by law;
> 4. That the sentence is otherwise subject to collateral attack.

*United States v. Hill*, 368 U.S. 424. 426-27 (1962); 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, the prisoner must establish the existence of the error and that it had a substantial and injurious effect or influence on the proceedings. *See, e.g., United States v. Watson*, 165 F.3d 486, 488 (6th Cir. 1999). To prevail on a § 2255 motion alleging non-constitutional error, the Petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990).

The Court can summarily deny a motion to vacate if it plainly appears from the face of the motion and any annexed exhibits that the movant is not entitled to relief. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003). Otherwise, the Court must hold an evidentiary hearing to determine the truth of movant's claims. *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir.

Case No. 1:05-cr-00126-1
Gwin, J.

2007). A § 2255 petitioner's "burden 'for establishing an entitlement to an evidentiary hearing is relatively light.'" *Smith*, 348 F.3d at 550. Nevertheless, the Court need not hold a hearing if the movant's allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact. *Valentine*, 488 F.3d at 333.

B. *Procedural Default and Waiver*

Except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). For a federal prisoner to obtain review of a defaulted claim in a § 2255 motion, he must show both cause that would excuse his failure to raise the claim previously and actual prejudice from the alleged violation. *Bousley*, 523 U.S. at 622; *Peveler*, 269 F.3d at 698-700. If the prisoner fails to establish cause, the Court need not determine if he was prejudiced by the alleged violation. *Bousley*, 523 U.S. at 623. If unable to show cause and prejudice, the prisoner may still be able to obtain review of his claims if his case fits within a narrow class of cases permitting review in order to prevent a fundamental miscarriage of justice, as when he submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent. *Bousley,* 523 U.S. at 622-23.

A petitioner may waive his right to bring a § 2255 motion. A petitioner's knowing and voluntary waiver of his right to pursue collateral relief in a plea agreement will preclude his ability to file a subsequent § 2255 motion. *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001).

C. *The Federal Magistrate Act*

The Federal Magistrates Act requires a district court to conduct a de novo review only of

Case No. 1:05-cr-00126-1
Gwin, J.

those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1). Parties must file any objections to a Report and Recommendation within ten days of service.  Failure to object within that time waives a party's right to appeal the magistrate judge's recommendation.  FED. R. CIV. P. 72(a); *see Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Absent objection, a district court may adopt the magistrate's report without review.  *Thomas*, 474 U.S. at 149.

In regards to the time a petitioner has to file his or her objections, Rule 6 of the Federal Rules of Civil Procedure provides:

> (a)  In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. . . .

FED. R. CIV. PRO. 6(A).

### III. Analysis

*A. Motion to Strike*

The clerk mailed the report and recommendation on Friday, December 27, 2007 [Doc. 332, Ex. 1].  Pursuant to FED. R. CIV. PRO. 6(A), the Court begins counting on the following Monday, December 31, as weekends are excluded.[2]  The Court skips New Year's Day, which is a legal holiday, and counts nine more days, skipping weekends.  The tenth day is January 14.  The objections, therefore, are timely, and the Court will deny the motion to strike them as untimely.

---

[2] The Court was closed on December 31, 2007.  Petitioner Adams argues that the Court should therefore not count this day, but as the objections are timely regardless of whether the Court counts this day, the Court will not address this issue.

Case No. 1:05-cr-00126-1
Gwin, J.

*B. Objections to the Report and Recommendation*

The petitioner objects to the report and recommendation on several grounds. He objects to the Magistrate Judge's finding that the United States never threatened to prosecute his wife, Tracie Adams, and he argues that this question requires an evidentiary hearing. Next, he objects to the Magistrate Judge's finding that his attorney did not operate at a conflict of interest because his attorney did not represent his wife. He further objects to the Magistrate Judge's finding that the plea colloquy was not deficient. He also objects to the Magistrate Judge's finding that his counsel was not ineffective in his failure to investigate and prepare for trial. He finally objects, stating, the totality of the circumstances illustrate that his counsel was ineffective–both in his failure to prepare and in his operating at a conflict of interest in representing himself and his wife. The Court will first consider the Petitioner's arguments regarding government misconduct, then his ineffective assistance of counsel arguments. Finally, the Court will consider the alleged deficiencies in the plea colloquy.  1. Petitioner's Challenges to his Plea due to Alleged Threats

In his petition, the Petitioner alleges that the United States threatened to prosecute his wife unless the Petitioner pled guilty. Magistrate Limbert recommended that this Court dismiss this ground as contradicted by the record. The plea agreement states: "The defendant acknowledges that his offer to plead guilty is freely and voluntarily made and that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement, to induce him to plead guilty." [Doc. 241 at 16]. Moreover, both Attorney Price and Special Assistant U.S. Attorney Hendrickson signed the Plea Agreement as officers of the Court, representing that no outside threats or promises had been made to induce Petitioner to plead guilty. [Doc. 241 at 17-18]. Further, Attorney Price signed a statement, incorporated in the Plea

Case No. 1:05-cr-00126-1
Gwin, J.

Agreement, that states: "No assurances, promises, or representations have been given to me (defense counsel) or the defendant by the United States or by any of its representatives which are not contained in the written agreement." [Doc. 241 at 17].

The Petitioner argues that an evidentiary hearing is necessary to resolve these issues. The Court finds, however, that these issues are contradicted by the record, and therefore no evidentiary hearing is necessary. *Valentine*, 488 F.3d at 333. Specifically, the Petitioner, AUSA Hendrickson, and Attorney Price all represented to the Court that there were no threats or promises outside the plea agreement.

Furthermore, the Court finds that even if the United States threatened to indict the Petitioner's wife, this did not make his decision to plea involuntary. While the Supreme Court has reserved judgment on the voluntariness of a plea entered in exchange for a promise not to prosecute a third party, the Sixth Circuit has held that such a plea agreement is permissible if the government had probable cause to prosecute the third party, but impermissible otherwise. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 n.8 (1978); *Doe v. United States*, 85 F.3d 628 (6th Cir. 1996) (table). In this case, the United States had several wiretaps that suggest the Petitioner's wife knew what the Petitioner was selling cocaine and that she had conducted financial transactions to hide the source of the proceeds from cocaine sales. As such, the United States had probable cause to pursue an indictment of her. Therefore, any threats that the government would indict her if the Petitioner did not plead guilty did not cause an involuntary plea. *See Doe*, 85 F.3d 628.

2. The Petitioner's Ineffective Assistance of Counsel Claims

To establish ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render

-8-

Case No. 1:05-cr-00126-1
Gwin, J.

the proceedings unfair and the result unreliable. *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *Bigelow v. Williams,* 367 F.3d 562, 570 (6th Cir. 2004). A reviewing court's scrutiny of counsel's performance is highly deferential. *Strickland,* 466 U.S. at 689. Indeed, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690; *accord Bigelow,* 367 F.3d at 570.

Nonetheless, the court must make an independent judicial evaluation of counsel's performance to determine whether counsel acted reasonably under all the circumstances. *Roe v. Flores-Ortega,* 528 U.S. 470, 481 (2000) ("the relevant question is not whether counsel's choices were strategic, but whether they were reasonable"). The court's position in *Strickland* emphasizes that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigations." 466 U.S. at 690.

In assessing the second prong of the *Strickland* test, whether the deficient performance prejudiced the defense, a court must determine whether "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. This requires a finding beyond a mere showing that "the errors had some conceivable effect on the outcome of the proceeding, because virtually every act or omission of counsel would meet that test." *Williams,* 529 U.S. at 394 (citing *Strickland,* 466 U.S. at 693). When a petitioner pleads guilty, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Hill v. Lockhart,*

-9-

Case No. 1:05-cr-00126-1
Gwin, J.

474 U.S. 52, 59 (1985).

### a. His Attorney's Alleged Ineffectiveness for Representing him while under a Conflict of Interest

The Petitioner alleges Attorney Price was ineffective in that he represented both the petitioner and the petitioner's wife, Traci Adams. He attaches an affidavit from Traci Adams.[3/] Magistrate Judge Limbert found the affidavit demonstrated that his wife did not believe Attorney Price was her counsel. The Petitioner objects to that finding, arguing that "Attorney Price advised that she had to sign off on the property for Frank 'because of California community property laws' and that she relied on his advice that she did not need an attorney and 'signed over the property at his recommendation.'" [Doc. 330 at 4; 314 at 26]. The Magistrate Judge based his recommendation on the portion of the affidavit in which Adams declared that she had asked Attorney Price whether she needed a lawyer. The Magistrate Judge found that this question showed that Adams did not believe Attorney Price was her own lawyer.

The Court finds that the Petitioner has not established prejudice. Even if the Petitioner's wife believed that Attorney Price also represented her in his obtaining the release for the property, this did not prejudice the Petitioner. Attorney Price's obtaining his wife's consent to forfeit her interest in the property did not cause the Petitioner to plea. And Attorney Price's advice to Traci Adams that she need not obtain an attorney only worked to benefit the Petitioner. Thus, even if Attorney Price was also representing Traci Adams, which the Court assumes but does not find, this did not affect the Petitioner's rights. In fact, both Petitioner's and Traci Adams' statements support the contention that Attorney's Price was advocating for the Petitioner's interests, and not Traci

---

[3/]The affidavit is unattested. The Court will presume for the purposes of argument that the affiant is Petitioner's wife.

Case No. 1:05-cr-00126-1
Gwin, J.

Adams.' For these reasons, the Petitioner cannot establish any prejudice to Petitioner.

b.  His Counsel's Alleged Ineffectiveness for Failing to Investigate and Prepare for Trial

The Magistrate Judge recommends this Court find Attorney Price not ineffective in his failure to investigate and prepare for trial because the Petitioner has not demonstrated prejudice. The Petitioner objects to this finding, arguing both that his counsel made unprofessional errors and that he would not have pled guilty had his counsel not made those errors and conveyed to him that the United States would indict his wife if he did not plea guilty.

The Petitioner again fails to establish prejudice.  In regards to his argument that he would not have pled guilty if not for his understanding that the United States had threatened to indict his wife, this did not render his plea involuntary.  See *Doe*, 85 F.3d 628.  As such, the Court finds that if his attorney conveyed this threat, it was neither deficient representation nor prejudicial.

As to his counsel's alleged errors for failing to investigate by interviewing witnesses and preparing for trial, the Petitioner cannot establish that had his counsel investigated, he would not have pled guilty.  The Petitioner fails to point to any exculpatory or impeachment evidence that his counsel would have found, had he interviewed witnesses and done further investigation.  Recall, Adams position deteriorated because nearly all co-defendants agreed to testify against him.  It is nowhere clear how any lack of investigation could have helped Adams deal with this.  At the plea colloquy, after the Petitioner indicated he was unhappy with his counsel's representation in his failure to investigate and prepare, his counsel indicated that even had he prepared by interviewing witnesses and filing motions to suppress the evidence, the Petitioner's co-conspirators had agreed to testify against him.  There was plenty of evidence to convict him in an ensuing trial.

Moreover, the Court inquired whether the Petitioner would like to change counsel and not

Case No. 1:05-cr-00126-1
Gwin, J.

proceed with his plea of guilty. But the Petitioner insisted that "we can just finish this up." [Doc. 233 at 12]. Presumably, if his counsel's failure to prepare for trial coerced the Petitioner into agreeing to plea guilty, he would have accepted the Court's offer to change counsel and re-evaluate whether to plea guilty. Furthermore, the Court gave the Petitioner a chance to consider making a motion to withdraw his plea at the sentencing hearing when his attorney expressed chagrin at the agreed-upon 27 year sentence. The Court recessed, and the Petitioner conferred with his Attorney and decided again not to try to change the plea but to go forward with the sentence. [Doc. 298 at 17].

Furthermore, the Petitioner's main contention at the plea hearing was *not* that his attorney was ineffective for failing to prepare–it was that he felt his attorney should have *earlier* made an offer to plea guilty. The Petitioner indicated that he was upset because of the length of his potential sentence as opposed to other defendants in the same case that received substantial assistance points. He indicated to the Court that he would have given assistance to the prosecution in exchange for such a deal, had his attorney offered. This further demonstrates that his attorney's alleged errors were not the reason he pled guilty.

The Court, therefore, does not find a reasonable probability that, but for his counsel's errors, the Petitioner would not have pled guilty.

c. The Totality of Circumstances and his Ineffectiveness of Counsel Claim

The Petitioner further objects that Magistrate Limbert failed to evaluate the totality of his counsel's deficiencies in assessing prejudice. The Court has found that even if Attorney Price represented both the Petitioner and his wife, any conflict of interest worked to benefit the Petitioner. The Court has further found that there is no evidence to suggest that Attorney Price's failure to investigate and prepare for trial caused the Petitioner to plead guilty. The Court gave Petitioner a

-12-

Case No. 1:05-cr-00126-1
Gwin, J.

chance to change counsel and re-evaluate his decision to plea guilty, he did not take it. When considering these alleged errors together, the Court finds there is no evidence that these deficiencies together caused the Petitioner to plead guilty. Rather, the Court notes that the Petitioner indicated he wished to have plead guilty *earlier*. Therefore, the Court finds no prejudice. *See Hill*, 474 U.S. at 59.

### 3. The Alleged Deficiencies of the Plea Colloquy

The Petitioner challenges his plea, arguing that his plea was involuntary. He alleges that the plea colloquy was deficient in that the Court did not ask the Petitioner whether there were any outside threats or promises that were not stated in the plea agreement. Magistrate Limbert recommends that this Court find his claim both is procedurally barred and lacks merit. The Petitioner objects to these recommendations.

The Court agrees with the magistrate's recommendation that the Court find this claim is barred. Petitioner signed a plea agreement waiving his right to attack his conviction on a 28 U.S.C. § 2255 motion except for challenges to a sentence in excess of the maximum sentence or the applicable Sentencing Guideline range or for claims of ineffective assistance of counsel or prosecutorial misconduct. [Doc. 241 at 10]; *see Davila*, 258 F.3d at 450; *Watson*, 165 F.3d at 488-89. While such a waiver must be knowingly and voluntarily made, the Petitioner carries the burden of showing involuntariness. *See Bousley*, 523 U.S. at 618-19. As discussed above, the Petitioner has failed to do so in this case. Moreover, the Court finds the Petitioner's claims fail.

The Petitioner has the burden of establishing that a deficiency in the Court's colloquy had a substantial and injurious effect or influence on the proceedings. *See Bousley*, 523 U.S. at 618-19. The Petitioner argues that the injurious effect was the Court's failure to learn of the government's

Case No. 1:05-cr-00126-1
Gwin, J.

coercion–therefore taking an involuntary plea. As discussed above, threats to indict family members, where the prosecution had probable cause to indict those family members, does not render a plea involuntary. *See Doe*, 85 F.3d 628. As such, this position lacks merit. Had the Court learned of the alleged threats, it would not have affected the proceedings.

The Petitioner also contends that his attorney's alleged ineffectiveness and conflict of interest caused the substantial and injurious effect in the proceedings. The Court has already found that the Petitioner has failed to show that but for his attorney's alleged conflict of interest, he would not have pled guilty. Moreover, the Petitioner indicated his unhappiness with his attorney's lack of preparation at the plea hearing. The Court gave the Petitioner the opportunity to not proceed with the plea and seek advice from other counsel, the Petitioner declined the opportunity and indicated he wished to proceed with the plea. Therefore, the Court finds no substantial and injurious effect on the plea proceedings.

### IV. Conclusion

For the reasons stated above, the Court **AMENDS** and **ADOPTS** the magistrate's report and recommendation. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and no basis exists on which to issue a certificate of appealability. 28 U.S.C. §2243(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Dated: April 2, 2008                    *s/ James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE