UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

|  |  |  |
|---|---|---|
| UNITED STATES, | : | CASE NO. 1:05-cr-00126-JG-1 |
|  | : | 1:07-cv-00622 |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | OPINION & ORDER |
|  | : | [Resolving Docs. 352, 353, 354] |
| FRANK AARON ADAMS, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Frank Aaron Adams moves the Court pursuant to Civil Rule 60(b) to vacate and set aside the Court's judgment against him.[1] Defendant also moves the Court to appoint counsel to assist him with this motion.[2] For the following reasons, the Court **DENIES** Defendant's Rule 60(b) motion, and **DENIES** as moot Defendant's motion to appoint counsel.

## I. Background

On November 14, 2005, Defendant Adams pleaded guilty in this Court to conspiring to distribute cocaine, in violation of 21 U.S.C. § 846, and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).[3] On February 15, 2006, this Court sentenced Defendant to 324 months of incarceration.[4] Defendant did not directly appeal his conviction or sentence.

On March 2, 2007, Defendant moved the Court to vacate his sentence pursuant to 28 U.S.C.

---

[1] Doc. 352.
[2] Docs. 353, 354.
[3] Doc. 241.
[4] Doc. 283; Doc. 285.

Case No. 1:05-cr-00126-JG-1
Gwin, J.

§ 2255.[5] Defendant raised four grounds for relief: (1) the Court failed to determine whether his plea was coerced; (2) his guilty plea was coerced by government threats to prosecute his wife; (3) ineffective assistance of counsel; and (4) trial counsel's conflict of interest. The Court rejected each of Defendant's claims and denied his § 2255 motion.[6] Additionally, the Court found no basis on which to issue a certificate of appealability.[7]

Nevertheless, Defendant appealed the Court's denial of his § 2255 motion to the Sixth Circuit Court of Appeals,[8] which denied his application for a certificate of appealability.[9] Defendant then sought a writ of certiorari from the United States Supreme Court,[10] which was denied.[11]

Over five years later, on December 19, 2014, the Court granted Defendant's motion to reduce his sentence based on United States Sentencing Commission's downward revisions to the Guidelines.[12] The Court reduced Defendant's sentence to 240 months of incarceration. The order reducing Defendant's sentence stated that "all other provisions of the judgment . . . shall remain in effect."[13]

Defendant now moves the Court to vacate its judgment entered against him under Rule 60(b).

## II. Discussion

Federal Rule of Civil Procedure 60(b) establishes that upon motion, "the court may relieve

---

[5] Doc. 314.
[6] Doc. 333.
[7] *Id.*
[8] Doc. 334.
[9] Doc. 336.
[10] Doc. 337.
[11] Doc. 338.
[12] Doc. 349.
[13] *Id.*

-2-

Case No. 1:05-cr-00126-JG-1
Gwin, J.

a party . . . from a final judgment, order, or proceeding" in six specific situations.[14] Defendant seeks relief from this Court's "judgment and conviction entered in this case on February 15, 2006," the date Defendant was sentenced.[15]

"Rule 60(b) does not provide relief from judgment in criminal proceedings."[16] Therefore, to the extent that Defendant's motion seeks to challenge his criminal judgment, Rule 60(b) provides no authority for this Court to set aside his sentence.

Nevertheless, pro se filings should be construed liberally.[17] As such, the Court will consider the application of Rule 60(b) to Defendant's petition for post-conviction relief.

A Rule 60(b) motion may be used to challenge some procedural defect in a court's consideration of a prior § 2255 motion.[18] But a Rule 60(b) motion that seeks "'to add a new ground for relief' is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a [successive] § 2255 motion."[19]

Defendant's motion is, in substance if not in name, a § 2255 motion. Defendant asks the Court to vacate and set aside its judgment for four reasons: (1) violations of his right to a speedy trial; (2) disparities between his sentence and those given to his co-defendants; (3) ineffective assistance of counsel; and (4) the Court's failure to inquire into the effectiveness of his counsel.

All of Defendant's claims could have been brought in his first § 2255 motion, and in fact his ineffective assistance of counsel claim is almost identical to the one he raised in his first motion.

---

[14] Fed. R. Civ. P. 60(b).
[15] Doc. 352 at 1.
[16] United States v. Gibson, 424 F. App'x 461, 464 (6th Cir. 2011).
[17] See Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").
[18] See In re Nailor, 487 F.3d 1018, 1022 (6th Cir. 2007) (citing Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)).
[19] Id. (quoting Gonzalez, 545 U.S. at 532).

-3-

Case No. 1:05-cr-00126-JG-1
Gwin, J.

This makes Defendant's instant motion a "second or successive [§ 2255] motion," as it raises a ground for relief that could have been brought in an earlier application.[20] "A second or successive [§ 2255] motion must be certified" by the Sixth Circuit Court of Appeals before a district court can consider it.[21] Defendant has not sought such certification from the Sixth Circuit, and therefore this Court cannot consider the motion on its merits.

Furthermore, even if the Court could consider Defendant's motion under Rule 60(b), it would be untimely. A Rule 60(b) motion must generally "be made within a reasonable time," and a motion based on mistake or excusable neglect, newly discovered evidence, or fraud, must be made within no more than one year after the entry of judgment.[22] In this case, Defendant filed this Rule 60(b) motion more than six years after the Court's denied his original § 2255 motion, and more than five years after the Supreme Court denied certiorari. This is well beyond the one-year limit for relief based on mistake, fraud, or newly discovered evidence, and there are no circumstances alleged in this case that would make such a long delay reasonable.[23] Defendant's explanation for his long delay in filing his Rule 60(b) motion is that his counsel was ineffective during his plea process and shortly after his sentencing,[24] but there is no explanation as to why that would have prevented him from making the instant motion in a timely manner.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's Rule 60(b) motion to vacate

---

[20] *Clark v. United States*, 764 F.3d 653, 657 (6th Cir. 2014).
[21] 28 U.S.C. § 2255(h).
[22] Fed. R. Civ. P. 60(c).
[23] *See Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 905–06 (6th Cir. 2006) (what constitutes a reasonable time for filing a Rule 60(b) motion depends on the facts of the particular case).
[24] *See* Doc. 352 at 6–7; Doc. 352-1 at 1–7.

-4-

Case No. 1:05-cr-00126-JG-1
Gwin, J.

judgment. Further, the Court **DENIES** as moot the Defendant's motions to appoint counsel.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[25]

IT IS SO ORDERED.

Dated: March 25, 2015    s/    *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[25] *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).